<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG ALFORD, et al., : | |
| : | Civil Action No. 15-6750 (PGS) |
| Plaintiffs, : | |
| : | |
| v. : | OPINION |
| : | |
| MR. WOJCHIECHOWICZ, et al., : | |
| : | |
| Defendants. : | |

SHERIDAN, District Judge

Plaintiffs Craig Alford, Vincent Parnell, Jamie Calderone, Carlos Barroso, Jason Mathis and Rolphy Capellan (collectively, "Plaintiffs"), current and former prisoners confined at Bo Robinson Halfway House in Trenton, New Jersey, seek to bring this action *in forma pauperis*. Only Plaintiff Alford submitted an application to proceed *in forma pauperis*.

I. BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of the allegations.

Plaintiffs allege that Defendant Wojchiechowicz "did not disposition [sic] or grievances, nor did he respond to [Plaintiffs'] complaints." (Compl. ¶ 4(b).) Specifically, Plaintiffs allege that they informed Defendant Wojchiechowicz of the "heavy K2 marijuana drugs" in the facility and he did nothing about the situation. (*Id.*) Plaintiffs allege that Defendants Newborn, High, Stephens, Rogers, Dowling, Miguel, Scott and Miller were notified of the drug use at the facility

but also did not take any action. (Compl. ¶ 4(c)-(e).) Defendant Lette, a parole officer, failed to transfer his parolees even when they notified him of the drug situation at the facility. (Compl. ¶ 4(f).)

Plaintiffs further allege that Plaintiff Calderone injured his thumb but the medical staff "ignored his bunch of medical slips." (Comp. ¶ 4(i).) When he was finally seen and received x-rays, he learned that his thumb was fractured but still received no treatment. (*Id.*) Plaintiff Barroso has also failed to receive treatment from the medical staff for his bruised ribs and fractured arm. (*Id.*) Plaintiff Alford states that the psychologist at Bo Robinson has denied him his medications for depression and migraines. (*Id.*) Finally, Plaintiffs allege that Defendant Lachance verbally harassed Plaintiff Alford when he went to the front office. (Compl. ¶ 4(n).)

Plaintiffs are seeking monetary damages and a transfer to different halfway house.[1] (Compl. ¶ 7.)

## II. DISCUSSION

### A. Joinder

As an initial matter, the Court must determine if the claims from Plaintiffs are properly joined together in one complaint. In *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that *in forma pauperis* prisoners are not categorically barred from joining as co-plaintiffs under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides the following regarding permissive joinder of parties:

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

---

[1] At the outset, the Court notes that no inmate has a Due Process liberty interest in being assigned to, or remaining in, the correctional institution of his/her choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Hairston v. Nash*, 165 F. App'x 233, 234 (3d Cir. 2006) (per curiam).

2

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) Defendants. Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED.R.CIV.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997).

In this case, only one plaintiff, Alford, has submitted an application to proceed *in forma pauperis*. Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status. *See Hagan*, 570 F.3d at 150; *Miller v. New Jersey*, No. 13–2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan*, 570 F.3d at 154–55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350 filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly

3

installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See id.* at 155–56.

In this case, only Alford submitted an application to proceed *in forma pauperis*. The other plaintiffs may not have known about the filing fee requirement. Thus, all Plaintiffs other than Alford will be administratively terminated from this action. Plaintiff Alford's application to proceed *in forma pauperis* will be granted based on the information provided therein. Accordingly, at this time, the Complaint only as to Plaintiff Alford (hereafter "Plaintiff") will be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be permitted to proceed in part.

**B. Screening of Plaintiff Alford's Claims**

**1. Legal Standard**

**a. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**b. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## 2. Analysis

### a. Failure to Respond to Grievances

Plaintiff alleges that he submitted many grievances to Defendants Wojchiechowicz, Newborn, High, Stephens, Rogers, Dowling, Miguel, Scott, Miller, Lette, however they failed to respond. "Prisoners do not have a constitutional right to prison grievance procedures." *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)); *Pressley v. Johnson*, 268 F. App'x 181, 184 (3d Cir. 2008) ("Pressley also complained about the investigation and processing of his inmate grievances. Because there is no due process right to a prison grievance procedure, Pressley's allegations did not give rise to a Fourteenth Amendment violation."); *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005) (same). Because inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988) (per curiam), any failure to properly process and address Plaintiff's grievances is not actionable under § 1983. This claim will be dismissed for failure to state a claim upon which relief may be granted.

### b. Medical Claim

Plaintiff states that he is a mental health patient, who is on "recorded" Trazodone for his depression and insomnia. Plaintiff complained about not receiving his Trazodone and Excedrine

6

for migraines, but when he saw the psychologist at Bo Robinson, he or she refused to provide him with said medications. As a result, since August 18, 2015, Plaintiff has not received any medication for his depression or migraines.

In order to set forth a cognizable claim for a violation of his right to adequate medical care, a prisoner must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) ("In order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs.").

"A medical need is serious if it has been diagnosed by a physician as requiring treatment, or if it is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (internal citations and quotations omitted). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Notably, however, allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam)

7

(citing *Estelle*, 429 U.S. at 105–06); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001).

Here, Plaintiff has stated that he is a diagnosed mental health patient who has a prescription for Trazodone and Excedrine and he is being denied said necessary medication. At this juncture, the Court finds that Plaintiff has alleged sufficient facts to allow his denial of medical care claim to proceed against the psychologist at Bo Robinson.

**c. Drug and Tobacco Use**

Plaintiff alleges that Defendants Wojchiechowicz, Newborn, High, Lette, Stephens, Rogers, Dowling, Miguel, Scott and Miller have all been informed about the "epidemic" of drug and tobacco use at the prison, but have done nothing to attempt to remedy the situation.

As interpreted by the Supreme Court, the Eighth Amendment prohibits punishments, including conditions of confinement, which "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The standard is a "flexible and dynamic" one, that "draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 345–46. However, "to be cruel and unusual punishment, conduct which does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

To state a civil rights claim based on involuntary exposure to environmental tobacco smoke ("ETS"), Plaintiff must show that: (a) "he himself [was] exposed to unreasonably high levels of ETS," *Helling v. McKinney*, 509 U.S. 25, 35 (1993); (b) "the risk of which he complains [was] not one that today's society chooses to tolerate," *id.* at 36; and (c) certain identified defendants were deliberately indifferent to the serious risk to Plaintiff's future health from such exposure. *See id.*

8

at 35–36; *see also Ford v. Mercer Cty. Corr. Center*, 171 F. App'x 416 (3d Cir. 2006); *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003).

Here, it appears that Plaintiff is attempting to allege a violation of his Eighth Amendment rights based on his placement in a facility where other inmates are using drugs and tobacco. However, it is not clear to the Court as to how said environment affects Plaintiff and violates his Eighth Amendment rights. He alleges that he "fears for his life," but he has not alleged any incidents which threatened his life in any manner. Plaintiff simply has not alleged with any specificity why and how he has suffered due to the drug habits of other prisoners. Similarly, with regard to the tobacco use, Plaintiff has failed to allege any facts regarding his exposure to tobacco smoke. Rather, it appears that his claim is based purely on the fact that other prisoners are using tobacco products and does not relate to the effect said usage has on him.

Because the Complaint does not identify with any specificity the exact basis for this claim, including any injuries suffered by Plaintiff or how he is affected by other prisoner's activities, it will be dismissed without prejudice. *See Nunez v. Salamack*, No. 88-4587, 1989 WL 74940, at *1-2 (S.D.N.Y. June 26, 1989) ("Merely being exposed to illegal drugs in prison did not constitute the unnecessary and wanton infliction of pain...the Eighth Amendment does not guarantee [plaintiff] the right to be incarcerated in a drug-free environment, as another 'desirable aid' to his rehabilitation.")

**c. Verbal Harassment**

Plaintiff appears to raise a claim for violation of his rights based on the verbal threats by Defendant Lachance. However, allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam) (citing *McBride v. Deer*, 240 F.3d 1287,

9

1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones*, No. 12–2578, 2013 WL 211251, at *5 (D.N.J. Jan.18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983). Therefore, this claim will be dismissed.

**d. Retaliation**

Approximately three weeks after filing his Complaint, Plaintiff submitted a supplement to his Complaint. (Suppl. Ltr., ECF Nos. 4-5.) In his supplemental letter, Plaintiff is seeking immediate release on parole because, in retaliation for his filing of grievances, Defendants transferred Plaintiff from the Bo Robinson halfway house to Mercer County Jail. (Suppl. Ltr. 1.) However, to the extent Plaintiff is seeking release from confinement or parole, such a claim is not cognizable in a § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement [ ... ] his sole federal remedy is a writ of habeas corpus"). Plaintiff must first exhaust such a claim in state court and then may file a § 2254 petition with this Court. *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); *see also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'") (citation omitted).

Since release from confinement appears to be the only relief sought by Plaintiff on this ground, the Court will dismiss the retaliation claim without prejudice. However, should Plaintiff decide to file a motion to amend his Complaint to seek other relief on this ground, the Court notes

the following. Retaliation against a prisoner based on his exercise of a constitutional right violates the First Amendment. *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citing *Mitchell v. Horn*, 318 F.3d 523, 529–31 (3d Cir. 2003); *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir.2001); *Allah v. Seiverling*, 229 F.3d 220, 224–26 (3d Cir. 2000). To state a First Amendment retaliation claim, a plaintiff must allege (1) that he was engaged in constitutionally protected conduct; (2) he suffered some adverse action at the hands of the prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. *Bistrian*, 696 F.3d at 376 (citing *Rauser*, 241 F.3d at 333).

Certainly, the filing of inmate grievances is a constitutionally protected activity. *See Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) ("[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity"). With regard to the second prong, transferring a prisoner to another prison is an example of adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir.2001) (prison transfer). Finally, with regard to the third prong, Plaintiff is advised that the mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. *Krouse v. American Sterlizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997). Moreover, a plaintiff must allege facts showing that any defendants against whom he raises a retaliation claim were personally involved in the retaliation because Section 1983 liability cannot be predicated on respondent superior. *See Iqbal*, 556 U.S. at 675–77, 129 S.Ct. 1937; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (holding that a plaintiff must establish that the defendants "have personal involvement in the alleged wrongs

11

[which] ... can be shown through allegations of personal direction or of actual knowledge and acquiescence").

### III. CONCLUSION

For the reasons set forth above, all co-plaintiffs except Craig Alford will be dismissed from this action. Plaintiff Alford's denial of medical care claim against the Bo Robinson psychologist will be permitted to proceed. All other claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[3] An appropriate order follows.

Dated: 9/30/15

_Peter G. Sheridan_
Peter G. Sheridan, U.S.D.J.

---

[3] Plaintiff's "Motion for an Emergent Hearing" (ECF No. 1-4) and "Motion for an Injunction" (ECF Nos. 1-5 and 3) are dismissed as moot. Though the basis for seeking such a hearing and injunction is not entirely clear, it is certainly clear that it is unrelated to Plaintiff Alford's medical care claim, which is the only claim proceeding past screening. Plaintiff's Motion for Class Certification (ECF No. 1-6) is also dismissed as moot because only Plaintiff Alford's medical claim is proceeding at this time.